**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF JOSEPH ROBERTSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF JERSEY CITY, et al., <br><br> Defendants. | Case No. 23v835 (EP)(LDW) <br><br> **MEMORANDUM ORDER** |

**PADIN, District Judge.**

  Plaintiffs, The Estate of Joseph Robertson, Natasha Matthias Robertson, as Administrator Ad Prosequendum of the Estate of Joseph Robertson, and in her own right, and Joleetah Robertson, seek to bring a civil rights Complaint *in forma pauperis* ("IFP"). D.E.s 1-2. For the reasons below, the Court will not grant Plaintiffs' IFP application at this time.

  28 U.S.C. § 1915 ensures that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States solely because his poverty makes it impossible for him to pay or secure the costs." *Atkins v. Dupont Co.*, 335 U.S. 331, 342 (1948) (internal quotation marks omitted). However, to satisfy this test, a litigant must demonstrate he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotation marks omitted).

"In determining whether a litigant's financial circumstances meet these standards, courts consider not just his or her personal resources, but also the resources of persons who support him." *Rakeith D. v. Kijakazi*, 2022 U.S. Dist. LEXIS 19482, at *1-2 (D. Conn. Feb. 3, 2022) (citations omitted). Thus, "'[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee.'" *Id.* at *2 (citation omitted); *see also Gencarelli v. Coca-Cola Co.*, 2019 U.S. Dist. LEXIS 205742, at *1 (D.N.J. Nov. 27, 2019) (noting that courts may consider a "litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend.") (citation omitted).

Here, Plaintiffs' application to proceed IFP, filed by an attorney, was accompanied by a financial affidavit stating that Plaintiff Natasha Robertson is employed, has a monthly income of $2,400, and has a savings account holding $1,000. D.E. 2. The affidavit also states that Plaintiff Natasha Robertson's monthly expenses total approximately $3,818. *Id.* Finally, the affidavit states that Natasha Robertson receives support from her daughter. *Id.*

As noted above, courts can consider the resources of persons who provide a litigant with support when assessing IFP applications. *See Kakeith D.*, 2022 U.S. Dist. LEXIS 19482, at *1-2. Plaintiff Natasha Robertson's affidavit provides that her daughter provides support, yet she has provided no information as to her daughter's resources or ability to pay the filing fee.

Accordingly, the Court will not grant Plaintiffs' IFP application without further information that fully explains how Plaintiffs Natasha Robertson and Joleetah Robertson, the latter of whom did not submit a financial affidavit, support themselves.

**IT IS** on this 21st day of April, 2023;

**ORDERED** that Plaintiffs must either (a) pay the filing fee or (b) submit a revised financial affidavit that fully and candidly explains how Plaintiffs support themselves; and it is finally

**ORDERED** that if Plaintiffs fail to either pay the filing fee or submit a revised financial affidavit in support of their IFP application within thirty (30) days of this Order, this action may be dismissed.

Dated: April 21, 2023

*Evelyn Padin*
Evelyn Padin, U.S.D.J.